CAFETEROS DE YAUCO, INC., peticionaria, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. CHARLES E. FOOTE, JUEZ demandada.

No. 951.—*Sometido:* Marzo 12, 1934. *Resuelto:* Abril 23, 1934.

*F. Pérez Rejis,* abogado de la peticionaria; *José Sabater,* abogado de la parte demanda en el pleito principal.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

José González Clemente & Co., que tenía un crédito hipotecario contra Sebastián Colón Soto, inició un pleito ordinario contra él en cobro de dinero. Solicitó y obtuvo un embargo. El embargo fué trabado sobre la cosecha de café en la propiedad que originalmente había sido hipotecada. Entonces José González Clemente & Co. obtuvo una orden designando un depositario para que recogiera y se hiciera cargo del café en los arbustos.

Mientras se hallaba pendiente este litigio Cafeteros de Yauco, Inc., radicó una tercería de mejor derecho. Este

último pleito siguió su curso ordinario y en el mismo el depositario designado por·la corte en el pleito de González Clemente & Co. fué sustituído por un administrador nombrado en el pleito de tercería.

Algún tiempo después José González Clemente & Co., que había pagado los gastos del depositario en el pleito original, presentó una moción a la Corte de Distrito de Mayagüez en el procedimiento de tercería, solicitando que las costas, ascendentes a $207.57, le fuesen devueltas. La corte así lo ordenó y entonces Cafeteros de Yauco, Inc., presentó una petición de *certiorari* a esta corte.

La teoría de la tercería de Cafeteros de Yauco, Inc., fué que existía un contrato de refacción con el deudor Sebastián Colón Soto, que estaba debidamente inscrita y que tenía preferencia sobre cualesquiera reclamaciones de otras personas.

En su alegato la peticionaria sostiene que el derecho preferente se extendía a toda la cosecha y que José González Clemente & Co. no tenía derecho a que se le reembolsaran las costas por ella pagadas; que si dicha firma había pagado dinero lo había hecho por su propia cuenta y que de todos modos era prematuro resolver la controversia principal ahora.

Aparece que la moción para el pago de estas costas fué debidamente oída en la Corte de Distrito de Mayagüez y declarada con lugar, y que una moción de reconsideración fué denegada.

Al presentarse una petición original de *certiorari,* el tiempo para deliberar es necesariamente breve. Por tanto, cuando una parte alega, como en este caso, que la actuación de la corte fué prematura y que no se le dió oportunidad de ser oída sobre determinada cuestión, puede que a nuestro juicio sea preferible librar el auto y oír a las partes.

Somos ahora del criterio de que si hubiésemos considerado esta petición más cuidadosamente, el auto no habría sido expedido. No hallamos que estuviese envuelta ninguna verdadera cuestión de procedimiento. La cuestión fundamen-

talmente era si Cafeteros de Yauco, Inc., tenía preferencia sobre la reclamación de González Clemente & Co., que estaba tratando de recobrar el dinero pagado para conservar el café. La cuestión que la corte tenía ante sí era una fundamentalmente de sustancia.

Aun si estuviesen envueltas cuestiones de procedimiento, éste es uno de esos casos que normalmente deben dejarse a la decisión de la corte de distrito. En otras palabras, discrecionalmente debimos haber negado el auto.

*Debe anularse el auto.*